COMMONWEALTH *vs.* DAVID L. SIMPSON. June 25, 2004. *Practice, Criminal,* Motion to suppress. *Search and Seizure,* Threshold police inquiry, Reasonable suspicion, Probable cause. *Evidence,* Declaration against interest.

A judge in the Superior Court granted the defendant's motion to suppress cocaine and cash seized from him by Brockton police officers pursuant to a warrantless search. The Commonwealth appealed and the Appeals Court reversed in a memorandum and order pursuant to its rule 1:28. See *Commonwealth* v. *Simpson,* 60 Mass. App. Ct. 1105 (2003). We granted the defendant's application for further appellate review. We agree with the Appeals Court and reverse the order allowing the motion to suppress.

Contrary to the defendant's contention, the police had sufficient information to subject him to a *Terry* stop. *Terry* v. *Ohio,* 392 U.S. 1 (1968). See *Commonwealth* v. *Lyons,* 409 Mass. 16, 20-21 (1990). On October 19, 2000, a Brockton undercover police officer drove to a bar in Brockton and was approached by a woman outside the bar. When asked what he wanted, he replied "two twenties." She said she could get "crack" cocaine from a black male playing pool inside the bar. The officer gave her two twenty dollar bills, whose serial numbers he recorded. The woman entered the bar, then returned and gave the officer two bags of crack cocaine. Two other officers approached and questioned the woman. She told the officers she obtained the crack cocaine from a black male with braided hair wearing a green bandana who was playing pool inside the bar.

The officers entered the bar and approached the defendant, who was playing pool and who matched the woman's description of the man who gave her the cocaine. They announced their office. The defendant put his right hand into his pocket. The officers drew their weapons and told him to remove his hand. He tried to flee, and he was subdued after a brief struggle. The defendant had a bag with forty-three smaller bags of cocaine in his hand. He was arrested and searched. The officers recovered the two twenty dollar bills they had given to the woman. Later, at the police station, they found $438 on the defendant.

The woman's delivery of the cocaine to the officer was a crime. Her statement about her source, made prior to the delivery, was given to someone whom she thought was a drug customer — she was unaware that she was giving information to the police — and thus carries none of the suspicious features of a statement by a police "informant." Her statements providing additional information concerning the identity of her supplier, made after the delivery, were declarations against penal interest that may be considered for establishing reasonable suspicion. Cf. *Commonwealth* v. *Parapar,* 404 Mass. 319, 322-323 (1989) (declaration against penal interest may be considered in

determining probable cause to search). When the officers entered the bar and saw the defendant, they had sufficient information to form a reasonable, articulable suspicion that he was engaging or had engaged in criminal activity, namely, distribution of cocaine. See *Commonwealth* v. *Mercado*, 422 Mass. 367, 369 (1996). They were entitled to stop him to ask him questions. *Id.*

When the defendant put his hand in his pocket, the officers were justified in ordering him to remove his hand; when he refused, they were justified in restraining him. The resulting discovery of the cocaine in his hand gave them probable cause to arrest the defendant and search him incident to the arrest.

The *Terry* stop of the defendant, his subsequent arrest, and the search of his person were valid. The order allowing the defendant's motion to suppress is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*Therese M. Wright*, Assistant District Attorney, for the Commonwealth.

*David M. Skeels*, Committee for Public Counsel Services, for the defendant.